UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARMEN NICOLE YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19CV16 RLW |
| ) | |
| JOHN FRAME, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for lack of subject matter jurisdiction. (ECF. No. 4) Plaintiff has not filed a timely response in opposition or responded to the two Orders to Show Cause issued by this Court. Upon review of the motion to dismiss and the pleadings in this case, the Court finds that dismissal of Plaintiff's *pro se* cause of action is appropriate.

## I. Background

Plaintiff Carmen Young is an employee of the United States Postal Service ("USPS") working at the Network Distribution Center ("NDC") located in Hazelwood, Missouri. On November 28, 2018, Plaintiff filed a *pro se ex parte* Petition for Order of Protection – Adult in the Circuit Court of St. Louis County, Missouri. (ECF No. 3) Plaintiff claims that her supervisor at the USPS, Defendant John Frame, knowingly and intentionally "caused or attempted to cause me physical harm . . . placed or attempted to place me in apprehension of immediate physical harm . . . coerced me . . . and harassed me." (*Id.* at ¶ 11) She further avers that there is an immediate and present danger of domestic violence because Defendant tried on several occasions to provoke/coerce Plaintiff into an argument and/or fight, and Defendant

would find her at her work(space) where he cursed and yelled at her. (*Id.* at ¶ 12) Plaintiff requests an order of protection restraining Defendant from "committing or threatening to commit domestic violence, sexual assault, molesting, or disturbing the peace of Petitioner . . . [,] stalking Petitioner . . . [,] entering onto the premises of the Petitioner's place of employment[1] . . . [,] com[ing] within 5 feet of Petitioner . . . [, ] and communicating with Petitioner in any manner or through any medium." (*Id.* at ¶ 15) Plaintiff cites Mo. Rev. Stat. §§ 455.010 – 455.085 as the basis of her claims. (*Id.*)

On January 4, 2019, Defendant removed the case to federal court pursuant to 28 U.S.C. § 1442, which provides, "a civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a). The statute further specifies that removal is proper when a civil action is brought against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Defendant maintains that Plaintiff's allegations relate to Defendant's position as a supervisor at the USPS Hazelwood NDC and therefore are properly removed to federal court. (ECF No. 1)

On January 31, 2019, Defendant filed the present Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant argues that he has sovereign immunity from suit. In addition, Defendant asserts that Plaintiff has improperly based her law suit on Missouri statutes designed to protect persons from domestic

---

[1] Although Plaintiff checked the box regarding her school, she provided her work address at the USPS, which the Court interprets as a request to restrain Defendant from entering Plaintiff's place of employment.

2

violence and stalkers, which do not pertain to workplace complaints against supervisors. Defendant maintains that Plaintiff should have filed her claims under federal provisions covering federal employee grievances which first require exhaustion of administrative remedies.

On April 1, 2019, the Court issued an Order to Show Cause, noting that Plaintiff had not filed a memorandum in opposition as required by E.D. Mo. L.R. 4.01 or otherwise responded to Defendant's motion. (ECF No. 6) The Court ordered Plaintiff to "show cause, in writing and no later than April 15, 2019, why she has failed to respond to Defendant's Motion to Dismiss." (*Id.*) The Court also advised that failure to comply may result in dismissal of Plaintiff's claims.

Plaintiff failed to comply with the Order of April 1, 2019, and on May 14, 2019, the Court issued a Second Order to Show Cause, ordering Plaintiff to show cause by May 31, 2019 why she has failed to respond to Defendant's motion and the Court's first Order to Show Cause. (ECF No. 7) The Order further provided that "[f]ailure to comply with this Order will result in dismissal of Plaintiff's claims against Defendant." (*Id.*) The Clerk of the Court mailed a copy of the May 14, 2019 Show Cause Order, along with the Defendant's Motion to Dismiss, Defendant's Memorandum in Support, and the first Order to Show Cause to Plaintiff at the address she provided via U.S. Postal mail and UPS. Tracking through UPS indicates that the documents were delivered on May 20, 2019 at 12:03 p.m. However, as of the date of this Memorandum and Order, Plaintiff has not responded to the Defendant's motion or to the Orders to Show Cause issued by this Court. In addition, the record shows that Plaintiff has done nothing to prosecute her case since she filed the *pro se ex parte* Petition for Order of Protection – Adult in the Circuit Court of St. Louis County, Missouri in November of 2018.

## II. Discussion

### A. Removal under 28 U.S.C. § 1442(a)(1)

The Court must first determine the propriety of removal of this cause of action to federal court. "Title 28 U.S.C. § 1442(a)(1) 'grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction.'" *Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1230 (8th Cir. 2012) (quoting *Johnson v. Showers*, 747 F.2d 1228, 1229 (8th Cir.1984)). As stated above, § 1442 allows removal of an action to federal court where the action is against an officer, or a person acting under that officer, "of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). "Four elements are required for removal under § 1442(a)(1): (1) a defendant has acted under the direction of a federal officer, (2) there was a causal connection between the defendant's actions and the official authority, (3) the defendant has a colorable federal defense to the plaintiff's claims, and (4) the defendant is a 'person,' within the meaning of the statute." *Id.* (citing *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 967 n. 2 (8th Cir.2007)).

The Court finds that all four elements are satisfied in this case. Defendant Frame is a natural person and an employee of the USPS, which is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. In addition, Defendant is a supervisor for the USPS, and therefor Defendant "is, or acts under the direction of, a federal official or officer of the United States." *Cubb v. Denise Belton*, No. 4:15 CV 676 JMB, 2015 WL 4079077, at *2 (E.D. Mo. July 6, 2015) (citation omitted). Further, Plaintiff's allegations relate solely to acts which occurred in the workplace which Defendant performed under the color of his office, thus establishing a causal connection between Defendant's actions

4

and his exercise of official authority. As such, the Court finds that the first, second, and fourth elements are satisfied.

Likewise, Defendant has raised a plausible federal defense. In his Notice of Removal, Defendant raises the defense of sovereign immunity and further claims that Plaintiff has failed to exhaust her administrative remedies under the Civil Service Reform Act or Title VII. The United States Postal Service enjoys federal sovereign immunity unless it waives such immunity. *Dolan v. U.S. Postal Service*, 546 U.S. 481, 484 (2006) (citations omitted). Further, "[a] suit against a government officer in her official capacity is really 'a suit against the official's office,' and so officers acting within their authority generally also receive sovereign immunity." *Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The defense of sovereign immunity is sufficient to support removal. *See Medina v. Hardy*, No. 4:17CV00824 AGF, 2017 WL 2778094, at *2 (E.D. Mo. June 27, 2017) (finding that defendant's amended notice of removal asserting sovereign immunity as a federal defense supported federal officer removal). Thus, the Court concludes that removal was proper.

### B. Subject Matter Jurisdiction

With respect to Defendant's motion to dismiss, "[t]he purpose of a Rule 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as 'judicial economy demands that the issue be decided at the outset rather than deferring it until trial.'" *B.A. v. Missouri*, No. 2:16 CV 72 CDP, 2017 WL 106433, at *1 (E.D. Mo. Jan. 11, 2017) (quoting *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990)). To dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "'the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.'" *Swiish v. Nixon*, No.

4:14-CV-2089 CAS, 2015 WL 867650, at *2 (E.D. Mo. Feb. 27, 2015) (quoting *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)).

The Defendant asserts that the Court lacks subject matter jurisdiction because Defendant is entitled to sovereign immunity and because Plaintiff, as a federal employee, has remedies to seek relief for workplace grievances under the Civil Service Reform Act and Title VII of the Civil Rights Act. However, Plaintiff failed to first exhaust her administrative remedies. The Court construes this as a facial attack on the Plaintiff's complaint. "A facial attack challenges subject matter jurisdiction based on the allegations in the complaint and in deciding the motion, the Court presumes all of the factual allegations in the complaint are true." *Gaylor v. GS Brentwood LLC*, NO. 4:11-CV-506 CAS, 2011 WL 5079588, at *1 (E.D. Mo. Oct. 25, 2011) (citation omitted).

As stated above, the United States government and its officers acting in their official capacities enjoy sovereign immunity unless immunity is expressly waived. "There are two possible sources of waiver: The Federal Tort Claims Act ("FTCA"), 62 Stat. 982 (1948), codified at 28 U.S.C. §§ 1346(b), 2671–2680, and the Postal Reorganization Act of 1970 ("PRA"), Pub.L. 91–375, 84 Stat. 722, codified at 39 U.S.C. § 101 et seq." *Hendy*, 555 F. App'x at 226. "[T]he FTCA applies only to suits for money damages, and thus does not operate as a waiver of immunity for a suit seeking injunctive relief." *Cubb*, 2015 WL 4079077, at *5 (citations omitted). Here, Plaintiff seeks only injunctive relief and not monetary damages. Thus, the waiver of sovereign immunity under the FTCA does not apply.

With respect to the PRA, that statute allows the Postal Service "to sue and be sued in its official name." 39 U.S.C. § 401(1). However, the Postal Service does not waive sovereign immunity "(1) for types of suits that are 'not consistent with the statutory or constitutional

scheme'; (2) when 'necessary to avoid grave interference with the performance of a governmental function'; or (3) for other reasons that demonstrate congressional intent to apply the 'sue and be sued' clause narrowly." *Hendy*, 555 F. App'x at 226 (quoting *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). Defendant asserts that Plaintiff's complaint should be dismissed because Defendant has no personal or domestic relationship with Plaintiff, as all contact takes place at the USPS Hazelwood NDC within the employer/employee relationship. Defendant contends that Plaintiff is attempting to prevent Defendant Frame from approaching or communicating with Plaintiff at work, thus preventing Defendant from performing his official duties as a USPS supervisor. The Court agrees with other courts in this district which have found that there is no waiver of immunity under the PRA "because allowing a state-law injunction to prevent a federal employee from coming to work 'is inconsistent with the principle of federal supremacy' and 'would disturb the federal agency's internal functions.'" *Cubb*, 2015 WL 4079077, at *5 (quoting *Hendy*, 555 F. App'x at 226); *see also Haynie v. Bredenkamp*, No. 4:16-CV-773 (CEJ), 2016 WL 3653957, at *2 (E.D. Mo. July 8, 2016) (finding sovereign immunity was not waived where plaintiff's *ex parte* Adult Abuse/Stalking petition would prohibit a supervisor from coming to plaintiff's federal workplace and thus interfere with the performance of a governmental function). Thus, the Court concludes that Plaintiff's claims are barred by sovereign immunity, and the Court does not have subject matter jurisdiction over Plaintiff's *ex parte* petition. *Hendy*, 555 F. App'x at 227.

As an additional ground for dismissal, the Court agrees that Plaintiff's domestic violence/stalking claims pertain to workplace grievances against her supervisor, arising out of her federal employment. As such, Plaintiff's claims are cognizable under either Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, or the Civil Service Reform Act of 1978

7

("CSRA"), 5 U.S.C. § 7501, *et seq.* "Each of these statutes requires the exhaustion of administrative remedies prior to the initiation of suit in federal court." *Cubb*, 2015 WL 4079077, at *3. Nowhere in Plaintiff's petition does she allege that she has pursued the required administrative remedies under either Title VII or the CSRA in order to adjudicate her claims in federal court. Therefore, the Court finds that it lacks subject matter jurisdiction over her grievances arising out her federal employment. *Id.* at *4.

Finally, the Court gave Plaintiff two opportunities to respond to Defendant's motion to dismiss, and Plaintiff failed to do so. In the Second Order to Show Cause, the Court stated that "[f]ailure to comply with this Order will result in dismissal of Plaintiff's claims against Defendant." (ECF No. 7) Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss a case "[i[f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). Plaintiff filed her petition in November of 2018 and has failed to take any further action to prosecute her case or to respond to any Orders of this Court. Therefore, the Court additionally finds that dismissal is warranted under Rule 41(b). *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (ECF. No. 4) is **GRANTED**. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of June, 2019.

                                                                             _____
                                                                             **RONNIE L. WHITE**
                                                                             **UNITED STATES DISTRICT JUDGE**